WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Western Dental of Arizona Incorporated, | No. CV-17-03637-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| City of Mesa, et al., | |
| Defendants. | |

Pending before the Court is the Complaint and Motion for Temporary Restraining Order of Plaintiff Western Dental of Arizona. (Docs. 1–2). For the following reasons, the Court denies the Motion and dismisses Plaintiff's Complaint.

**BACKGROUND**

Defendant City of Mesa seeks to acquire commercial property via eminent domain at 1161 E. Main Street in Mesa, Arizona. Plaintiff Western Dental of Arizona leases the property for an orthodontics practice. The acquisition is necessary for the Gilbert Road Light Rail Extension Project.

Amber Campbell, an employee of Universal Field Services with responsibility to assist the City of Mesa with relocation assistance, first emailed Western Dental as early as December 2016 about the City's intention to acquire the property. Amber Campbell sent a 90-day notice via email on July 11, 2017 that Western Dental should vacate the property by October 11, 2017. The City of Mesa filed a Complaint in Eminent Domain against the property owner on July 21, 2017, and it added Western Dental as a party on

August 10. Soon thereafter, Western Dental notified Amber Campbell that it needed an extension. On September 7, the Maricopa County Superior Court entered an Order of Immediate Possession. On September 11, the City of Mesa sent a 30-day notice to Western Dental.

On September 26, the City of Mesa filed a Motion in Maricopa County Superior Court requesting aid to enforce the previous Order of Immediate Possession. In that dispute, Western Dental argued in part that the City of Mesa failed to give proper notice in compliance with Federal regulations concerning relocation assistance. The City of Mesa argued that it complied with those Federal regulations, and it further argued that the condemnation issue is separate from the issue of federal relocation benefits. On October 6, the Maricopa County Superior Court granted the Motion to enforce the Order of Immediate Possession, but it noted, "The [Maricopa County] Court finds that it does not have authority to (in effect) stay or enjoin the condemnation process based on the City of Mesa's alleged failure to comply with the administrative requirements for relocation assistance." (Doc. 11-1, Exh. A). Plaintiff reads the statement as a refusal by the superior court to decide the issue based on its lack of jurisdiction. It is as easily read, however, as a determination that the relocation statutes and regulations do not provide the court with authority to delay a condemnation proceeding. In any event the superior court granted the writ of assistance.

On October 10, Western Dental filed the Motion for Temporary Restraining Order in Federal Court to stop the City of Mesa from removing Western Dental from the property.

**DISCUSSION**

**I.     Jurisdiction**

The Court first considers whether it has jurisdiction to consider an issue recently decided in State Court.

Under the *Rooker–Feldman* doctrine, the federal district court is not the proper forum to seek reversal of an adverse decision of the state trial court. "If the decision was

wrong, that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding. Unless and until so reversed or modified, it would be an effective and conclusive adjudication." *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923). As the Ninth Circuit has noted, "federal district courts have no authority to review the final determinations of a state court in judicial proceedings." *In re Gruntz*, 202 F.3d 1074, 1078 (9th Cir. 2000) (internal quotations omitted). Although the Supreme Court has clarified that the *Rooker–Feldman* doctrine occupies "narrow ground," it has also emphasized that the doctrine does apply to cases brought by those "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Co.*, 544 U.S. 280, 284 (2005).

Western Dental brought this Motion to Federal Court because of the Maricopa County Superior Court determination that "it does not have authority" to enjoin the condemnation process based on Federal regulations for relocation assistance. (Doc. 11-1, Exh. A). Regardless of what the superior court meant by that statement, the proper channel to review that decision is in State Appellate Court, and not in Federal Court.

## II. Temporary Restraining Order for Uniform Relocation Assistance Claim

Even if this Court had jurisdiction to review the State Court decision, Western Dental fails to show irreparable harm to justify the Temporary Restraining Order.

For a temporary restraining order, Western Dental must show that it is (1) likely to succeed on the merits, (2) likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Id.* at 24. Irreparable injury must be likely and immediate. *Id.* at 22.

Western Dental argues that the irreparable harm stems from the potential loss of clients who rely on government insurance benefits and may not be able to quickly

transfer payment to one of Western Dentals other orthodontist locations. The Court does not find that Plaintiff has established that this harm is likely or immediate. Further, the Court finds that money damages will likely remedy the loss of any patients.

**IT IS THEREFORE ORDERED** that the Temporary Restraining Order, (Doc. 2), is **denied** and the Complaint, (Doc. 1), is **dismissed**.

Dated this 11th day of October, 2017.

_____
Honorable G. Murray Snow
United States District Judge